# WILLIAM H. MACBETH and Another v. MINNESOTA & WESTERN LAND COMPANY.[1]

May 28, 1909.

Nos. 16,059—(85).

**Broker's Commission.**

In an action by a real estate agent for commissions alleged to have been earned in procuring a purchaser of lands held for sale by defendant, the evidence is *held* to sustain the verdict for plaintiff.

Action in the district court for Ramsey county to recover $2,646.-76 commissions for making sale of certain lands. The answer was a general denial. The case was tried before Bunn, J., and a jury which returned a verdict in favor of plaintiffs for $2,744.25. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*J. R. Donohue*, for appellant.

*George Hoke, W. R. & C. D. Geddes* and *Jared How*, for respondents.

[1]Reported in 121 N. W. 425.

BROWN, J.

The only question presented in this case is whether the evidence sustains the verdict. Our examination of the record leads to an affirmance. The evidence, though sharply conflicting in many respects, in connection with admitted facts, justified the jury in finding that one Stratton was the owner of several tracts of land in Aitkin county, this state, and listed them for sale with defendant, a corporation located and dealing in real estate at the city of St. Paul. One Jones was a real estate agent residing in Mankato, and assumed to be an agent of this defendant. Whether he was such in fact is disputed; but the evidence made it a question for the jury. However, he was authorized to make a sale of these lands, either by defendant or another corporation, presently to be mentioned, and he approached plaintiff Macbeth for the purpose of interesting and inducing him to find a purchaser therefor. He stated to Macbeth that he represented defendant, the Minnesota & Western Land Company, and agreed to pay plaintiff, if he procured a purchaser, one dollar per acre for the land sold by him. Some time after completing arrangements with Jones, Macbeth came from his residence at Mankato with Jones to St. Paul to confer with the officers of the company. L. F. Gran was the secretary and treasurer of defendant and had charge of its business. He was also secretary and treasurer of the American-Canadian Land Company, another real estate corporation, both companies having offices together at St. Paul, and Gran represented both in the capacity stated. Prior to the visit to St. Paul, Jones had furnished Macbeth with advertising material issued for circulation by the defendant, and the evidence is clear that he was fully justified in the belief that he was to engage in the service of that corporation. Upon their arrival in St. Paul they proceeded to the offices of this company and there met Gran. Macbeth was presented, and he stated to Gran the arrangements made with Jones, including the agreement for one dollar per acre for his services, whereupon Gran replied: "Whatever our man Jones says is all right. I am glad you are going to help us out." He then handed Macbeth a map showing the location of the lands, which was headed: "Sectional Map Showing Lands for Sale in Aitkin County, Minnesota, by Minnesota and Western Land Co. For a copy of this map,

price lists, terms, application blanks, etc., call or address Minnesota and Western Land Company, 509 Pioneer Press Bldg., St. Paul, Minn."

Nothing was said by Gran at this time about the American-Canadian Company, or any other company, and Macbeth was not informed that any other company was interested in the sale. Subsequently he secured the services of his coplaintiff herein, and together they procured a purchaser for the land, and defendant entered into a contract for the sale thereof with the person so presented by them. It was subsequently consummated by a conveyance from the owner, Stratton, and the payment of the purchase price. Macbeth then claimed his commission; but defendant declined to recognize him as its agent and refused to pay him. This action was thereafter brought to recover the amount agreed to be paid by Jones. The jury returned a verdict for plaintiffs, and defendant appealed from an order denying its motion for judgment notwithstanding the verdict or a new trial.

It is a conceded fact that the land was listed for sale with the defendant; but it is claimed that it was relisted by defendant with the American-Canadian Company, and that that company alone was endeavoring to effect a sale. It is also claimed that Jones was the agent of the Canadian Company, with no authority to act for the defendant, and both Jones and Gran so testified. Jones also denied that he represented to Macbeth that he was the agent of this defendant. If he was not defendant's agent, then plaintiffs must fail; for their right to recover depends wholly upon the contract made with him. But we are of opinion, after a somewhat careful examination of the record, that the question was properly submitted to the jury.

The lands were originally listed with defendant, and it was primarily interested in effecting a sale. Its secretary and treasurer expressly stated to Macbeth that whatever Jones said about the matter was all right, coupled with which he presented the advertising matter of defendant showing that the lands were with it for sale. The sale made was reported to the officers of this company, and they entered into the contract in its name. The Canadian Company nowhere appears in the transaction by name, so far as the record dis-

closes, though it is claimed that its officers brought about this sale, and that on their request the contract of sale was made in defendant's name, for the reason that it alone had authority from the owner to make it. If the land had been relisted with that company, Gran, when he impliedly asserted that it was still with defendant, which he did by providing Macbeth with advertising material expressly so stating, naturally misled Macbeth; and defendant should not, since it has received the benefit of Macbeth's services, be heard to contradict a situation thus created by its secretary. There can be no serious question but that Macbeth was informed and understood, both from his conversation with Jones and the conduct of Gran in presenting him with defendant's circular, that he was in the employ of this defendant; and, however clear to the contrary the testimony of Jones and Gran may be, we are satisfied upon the whole record that the question was properly submitted to the jury.

We have fully considered the assignments of error challenging certain rulings of the court on the admission of evidence, and discover no reversible error therein. The evidence is sufficient to justify the conclusion that Macbeth and his associate produced the purchaser to whom defendant sold the land, and, unless we are to assume the functions of the jury and determine the sharply contested issues of fact, their verdict must stand. The evidence is held not so clearly in defendant's favor as to justify such action, and we sustain the conclusion reached by the jury.

Order affirmed.